# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

**vs.**                                                      **No. 2:22-cr-20112**

**LADARRIUS GOSS,**
    **Defendant.**

## MOTION AND MEMORANDUM TO SUPPRESS EVIDENCE

Comes now LaDarrius Goss, by and through counsel of record, Claiborne H. Ferguson and Moves this Court to suppress the evidence obtained during an illegal seizure and search of defendant, and for cause files the following motion and memorandum.

### CONCISE STATEMENT AS TO FACTS AND LAW

This case involves the warrantless seizure and search of the defendant while he was lawfully sitting in his parked car and was not obviously engaging in any behavior that would have lead a reasonable office to believe he had the right to stop and seize defendant. *Terry v. Ohio*, 392 U.S. 1 (1968). Defendant has an expectation of privacy sitting in his car, at the end of a dead-end street, minding his own business. *Kyllo v. United States*, 533 U.S. 27, 33 (2001); *United States v. Ross*, 456 U.S. 798, 823 (1982). Police, armed with nothing more than a tip, seized Mr. Goss while he sat in a car. Thus, the seizure was without reasonable suspicion or belief that Mr. Goss was engaging in illegal activity and violated the Fourth Amendment to the United States Constitution. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971) (holding that a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the government demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement).

Officers, with only a vague unsubstantiated anonymous complaint, drove onto a dead-end street where defendant was parked and effectively cut off Mr. Goss' ability to

leave and avoid a police encounter, this was while another officer was setting up "spike-strips" to "pop" the tires should he be able to avoid the allegedly "consensual" encounter with police. This show of authority and "blocking" him in resulted in a custodial seizure within the law and was illegal. *Whren v. United States*, 517 U.S. 806, 809-10 (1996) (pre-textual seizures but still be based on probable cause); *Terry v. Ohio*, 392 U.S. 1, 20-21 (1968) (one of these narrow exceptions to a warrant occurs when a law enforcement officer initiates an investigatory stop based upon specific and articulable facts that the defendant has either committed a criminal offense or is about to commit a criminal offense; that is, "that criminal activity is afoot").

A "consensual" encounter becomes a seizure under the Fourth Amendment if an officer orders a person out of a car or some other police action occurs which one would not expect if the encounter was between two private citizens, for example, boxing in a car, approaching a car on all sides by many officers, or using flashing lights as a show of authority. *Terry v. Ohio*, 392 U. S. 1, 19, n. 16 (1968) (a "seizure" of a "person," can take the form of "physical force" or a "show of authority" that "in some way restrain[s] the liberty" of the person). That is what happened here, as officers refused Mr. Goss any way in which to avoid the "encounter," he was seized for Fourth Amendment purposes. *United States. v. Mendenhall*, 446 U.S. 544 (1980) (the test for a seizure is whether in view of all the circumstances surrounding the incident, a reasonable person would have believed he or she was not free to leave). He did not believe, nor would a reasonable person believe, that he was free to terminate the encounter, thus he was seized under the *Terry* doctrine. *United States v. Dayton*, 536 U.S. 194, 200 (2002); *Florida v. Bostick*, 501 U.S. 429, 437 (1991) (holding a seizure occurs when taking into account all the circumstances surrounding the encounter, the police conduct would have caused a reasonable person to feel that he was not at liberty to ignore the police presence and go about his business).

In evaluating whether the law enforcement officer had reasonable suspicion to justify an investigatory stop, this Court must consider the totality of the circumstances, which includes the personal observations and rational inferences and deductions of the trained law enforcement officer making the stop. See *Terry*, 392 U.S. at 21. Objective standards apply, rather than the subjective beliefs of the officer making the stop. *Nieves v.*

*Bartlett*, 587 U. S. ___, ___ (2019) (slip op., at 10). 'The officer, of course, must be able to articulate something more than an inchoate and unparticularized suspicion or hunch.' *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotations and citations omitted)). This includes, but is not limited to, objective observations, information obtained from other police officers or agencies, information obtained from citizens, and the pattern of operation of certain offenders. *United States v. Cortez*, 449 U.S. 411, 418 (1981). Anonymous tips are, alone, almost never enough. *Florida v. J. L.*, 529 U.S. 266 (2000); *United States v. Johnson*, 620 F3d 685, 693-94 (6th Cir. 2010) (holding that there was no reasonable suspicion for a stop, in part, because anonymous tip gave no information reasonable indicating criminal activity). A court must also consider the rational inferences and deductions that a trained police officer may draw from the facts and circumstances known to him. *Terry*, 392 U.S. at 21.

      The officers conduct must be evaluated in *Terry* cases to determine if a reasonable person would feel free to terminate or refuse the encounter. Herein, as multiple patrol cars descended onto Mr. Goss, nose to nose with his car and leaving him no option to leave except for running over officers, under *Bostick* he was seized. He was in his car, not in public, and officers effectively left him with no choice but to comply with them. Officer did not offer him the right to terminate the encounter. *United States v. Washington*, 387 F.3d 1060, 1068 (9th Cir. 2004) (out of circuit but listing a non-exhaustive list of factors a court review). They blocked him in. *United States v. See*, 574 F.3d 309, 313 (6th Cir. 2009) (holding that when officers blocked the defendant's parked car with marked patrol cars, a reasonable person would have not felt free to leave).

      During the search of the vehicle, officers found marijuana and a pistol. Mr. Goss is charged with possession with intent to sell and a 924(c) charge for the handgun.

      As the initial encounter was illegal, the marijuana and pistol must be suppressed. Without the evidence, the Government cannot proceed, and the case should be dismissed.

      WHEREFORE PREMISE CONSIDERED, Defendant is requesting this court to grant the motion and suppress the marijuana and the pistol.

Respectfully submitted,

**The
CLAIBORNE ■ FERGUSON
Law Firm, P.A**.
294 Washington Avenue
Memphis, Tennessee 38103
(901)216-0261

/s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2022, I served a true and correct copy of the foregoing upon the person(s) listed below by the following method(s) of service:

U.S. Attorney's Office
Assistant U.S. Attorney
167 N. Main, Suite 800
Memphis, TN 38103

/s/ Claiborne H. Ferguson